ORIGINAL

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION



FILED by _____ D.C.

JUL 01 2011

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

### CASE NO: 10- 23677-CIV-ALTONAGA/WHITE

**GERALD LELIEVE,**

      **Plaintiff,**

PROVIDED TO HAMILTON C.I. ON

_GL   G-28-11_ FOR MAILING

v.

**CITY OF MIAMI POLICE CHIEF JOHN F. TIMONY, INDIVIDUAL AND IN HIS OFFICIAL CAPACITY, AND CITY OF MIAMI DETECTIVES ODNEY BELFORT, JOHN DOE #1, AND JOHN DOE #2, in their individual capacities,**

      **Defendants.**

_____ /

### JOINT PRETRIAL STIPULATION AND PROPOSED JURY INSTRUCTION

In accordance with the Order for Joint Pretrial Stipulation and Proposed Jury Instruction, Plaintiff, Gerald Lelieve, stipulate that the following facts are admitted and require proof at trial:

### JOINT PRETRIAL STIPULATION

In compliance with this court's pretrial order, Plaintiff, Gerald Lelieve, pro se, files this joint pretrial stipulation and state:

#### I. JURISDICTION

Plaintiff agrees that this court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 636.

#### II. IMPARTIAL STATEMENT OF FACTS

During an arrest on October 11, 2006, at approximately 6:00 p.m. on 62nd N.W. 2nd Avenue, Detectives John Doe #1 and John Doe #2 while in the course of their employment with the City of Miami Police Department, repeatedly punched Plaintiff in the face and shoved him on the ground after being handcuffed. While Plaintiff was on the ground, Detective Odney Belfort

began stomping on Plaintiff's stomach repeatedly with his feet while Detectives John Doe #1 and John Doe #2 stood by and watched. Plaintiff also claims that Detectives John Doe #1 and John Doe #2 failed to intervene to prevent the aforementioned alleged constitutional violations from occurring. In addition, Detective Belfort violated section 839.25(1), Florida Statutes (2006) by falsely reporting in the arrest affidavit that Plaintiff was arrested without incident. Plaintiff suffered severe bodily injury caused by Detective Odney Belfort unreasonable actions. Surgery was performed on Plaintiff at Jackson Hospital for internal bleeding. He was stapled from the top of his abdomen to below his navel (12 inches in length and ½ inch in width), and he still suffers today with constant stomach pain, and irritable bowel movements. Plaintiff remained in the hospital for almost 2 weeks before he was taken to the medical infirmary section in the Miami County Jail where he was being held pending criminal charges.

This suit for use of excessive force and, assault and battery, arose during the performance of Detectives Odney Belfort, John Doe #1, and John Doe #2 job and in conjunction with the authority given to them as a result of their position as officers.

III. LIST OF STIPULATED FACTS

1. Defendants are not allowed to call witnesses (officers) that had testified in Plaintiff's trial,

2. Present only evidence of authentic exhibits, and furnished Plaintiff a copy of such,

3. Defendants shall produce police reports of excessive use of force and procedures, records and reports day of incident happened, and Plaintiff's jail medical records, and

4. Defendants not be allowed to put into evidence of Plaintiff's prior convictions and bad acts.

IV. STATEMENT OF DISPUTED ISSUES OF LAW AND FACT TO BE TRIED

1. Noneconomic damages due to plaintiff is $250,000 for pain and suffering, inconvenience, physical impairment, and mental anguish.

## V. EXHIBITS

Plaintiff will offer testimonial evidence of physical abuse he received from defendants during arrest and present County Jail clinic records and medical records from Jackson Memorial Hospital.

## VI. WITNESSES

Plaintiff intends to call the following as witnesses:

1. Honorable Judge, Thomas William
   Criminal Division
   Dade County Courthouse
   73 W. Flagler St.
   Miami, FL 33130

2. Tony Moss, Esq.
   1468 N.W. 13th Terrace
   Miami, FL 33125-2608

3. Ivette Gonzalez, ASA
   E.R Graham Building
   1350 N.W. 12th Ave.
   Miami, FL 33136

4. Ken Chase, ASA
   E.R Graham Building
   1350 N.W. 12th Ave
   Miami, FL 33136

5. Yolanda Siders-Lewis
   Volunteer Lawyer's Project Assistant
   3750 Miami Tower
   100 Southeast Second St.
   Miami, FL 33131-2309

6. Medical Doctor(s)
   Jackson Memorial Hospital and
   Miami County Jail Infirmary

## VII. SUMMARY OF EACH WITNESSES TESTIMONY

1. Honorable Judge, Thomas William – Would testify to having heard testimonial evidence from counsel and prosecutor on day of trial that Plaintiff was physically injured by officers during arrest.

2. Tony Moss, Esq. - Would testify that Plaintiff had communicated to him about the physical abuse and excessive use of force he received during arrest from the officers and gave testimony about the incident on day of trial.

3. Ivette Gonzalez, ASA - Would testify that Plaintiff had testified about the abuse he suffered from the officers and gave testimony about the incident on day of trial.

4. Ken Chase, ASA – Would testify that Plaintiff had testified about the abuse he received from the officers and gave testimony about the incident on day of trial.

5. Yolanda Siders-Lewis, Project Asst. – Would testify to receiving Plaintiff's medical records form Jackson Memorial Hospital and discovering that Plaintiff was admitted and surgery was performed consistent with being physically abused by defendants as stated in the complaint.

6. Miami County Jail Infirmary and Jackson Memorial Hospital Medical Doctor(s) – Would testify to medical records, injury sustained, cause of injury, and the type of surgery performed.

## VIII. STATEMENT OF FACTUAL ISSUES THAT REMAIN IN DISPUTE

Plaintiff states that the defendants deny any wrongdoing.

## IX. STATEMENT OF THE ISSUES OF LAW IN DISPUTE

The defendants acted in bad faith, or with malicious purpose, or in a manner-exhibiting wanton and willful disregard of human rights, and safety, or property. An act that occurred during the performance of Detectives Odney Belfort, John Doe #1, and John Doe #2 job and in conjunction with the authority given to them as a result of their position as officers.

## **PROPOSED JURY INSTRUCTION**

### INTRODUCTION

Members of the jury, citizens of the United States are protected against the use of excessive force by the Fourth Amendment of the Constitution of the United States. The reasonableness of a particular seizure depends not only on when it is made but also on how it is carried out.

The reasonableness of the particular use of force must be judged from the perspective of a reasonable officer on the scene.

The question is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting the officer, without regard to the underlying intent or motivation of the officer.

Law enforcement officers, members of the jury, sometimes have an affirmative duty to intervene, which is enforceable under the due process clause of the Fourth Amendment. For example, an officer who is present at the scene of a detention or an arrest, who is aware of what is going on and fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable under Section 1983 of the Civil Rights Act for his nonfeasance, provided that that officer, the onlooker officer, had a realistic opportunity to prevent the other officer's actions.

A constitutional duty to intervene may also arise if the onlooker officer is instrumental in assisting the actual attacker or aggressor to place the victim in a vulnerable position.

Now that you have heard all of the evidence and the argument of counsel, it is my duty to give you the instructions of the Court considering the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply the law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of this case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## ALL PERSONS EQUAL BEFORE THE LAW

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A person convicted by the State is entitled to the same fair trial at your hands as is any individual. The law is no more respectful of one person than another, and all persons, stand equal before the law and are to dealt with as equals in a court of justice.

People employed by a state government, including police officers, do not stand in any higher station in the community than other persons. The testimony of police officers is not entitled to any greater weight merely because they are police officers. A police officer who takes the witness stand subjects his testimony to the same examination and to the same tests that any other witness does.

## EVIDENCE IN THE CASE — ATTORNEYS' STATEMENTS NOT EVIDENCE; ADMISSION BY ATTORNEY

Arguments, statements and remarks of attorneys are not evidence, and you should disregard anything said by an attorney which is not supported by evidence or by your own general knowledge and experience. However, an admission of a fact by an attorney is binding on his client.

Unless you are otherwise instructed, the evidence in the case always consisted of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

## EVALUATION OF EVIDENCE AND CREDIBILITY OF WITNESSES

As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it. At times during the trial I may have sustained objections to questions asked without permitting the witness to answer or, where an answer has been made, may instruct that it be stricken from the record and that you disregard it and dismiss it from your minds. You may not draw any inference from an unanswered question nor may you consider testimony which has been stricken in reaching your decision. The law requires that your decision be made solely upon the competent evidence

before you. Such items as I exclude from you consideration will be excluded because they are not legally admissible.

The law does not, however, require you to accept all of the evidence I shall admit, even though it be competent. In determining what evidence given by each of the witnesses, and determine the degree of weight you choose to give to his testimony. There is no magical formula by which one may evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs you determine for yourselves the reliability or unreliability of statements made by you and by others. The same tests that you use in your everyday dealings are the tests which you apply in your deliberations. The interest or prejudice of a witness, if there be any, the age, the appearance, the manner in which the witness gives his testimony on the stand, the opportunity that the witness had to observe the facts concerning which he testifies, the probability or improbability of the witness' testimony when viewed in light of all of the other evidence in the case, are all items to be taken into your consideration in determining the weight, if any, you will assign to that witness' testimony. If such considerations make it appear that there is a discrepancy in the evidence, you will have to consider whether the apparent discrepancy may not be reconciled by fitting the two stories together. If, however, that is not possible, you will then have to determine which of the conflicting versions you will accept.

In weighing the testimony of a witness you should consider his relationship to the plaintiff or to the defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. Consider the witness's ability to observe the matters as to which he has testified, and whether he impresses you as having accurate recollection of these matters. You may, in short, accept or reject the testimony of any witness in whole or in part.

After making your own judgment, you will given the testimony of each witness such weight, if any, as you may think it deserves.

EVIDENCE: DIRECT, INDIRECT, CIRCUMSTANTIAL

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence—such as the testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances pointing to the existence of or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

When the attorneys on both sides have stipulated or agreed to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in

evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded. It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney or his client because the attorneys made objections.

## IMPEACHMENT: INCONSISTENT STATEMENTS OR CONDUCT

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## JURORS MAY TAKE INTO ACCOUNT ORDINARY EXPERIENCE AND OBSERVATIONS

You have a right to consider all the evidence in the light of your own general knowledge and experience in the affairs of life, and to take into account whether any particular evidence seems reasonable and probable. However, if you have personal knowledge of any particular fact in this case, such knowledge may not be used as evidence.

## FINDING AS TO THING ONCE PROVED TO EXIST

You may find that a state of affairs, once proved to exist, continues as long as is usual with things of that nature, in the absence of evidence in the case which leads you to a different conclusion.

## NOTICE, KNOWLEDGE – DUTY OF INQUIRY

The means of knowledge are ordinarily the equivalent in law to knowledge. So, if it appears from the evidence in the case that a person had information which would lead a reasonably prudent person to made inquiry through which he would surely learn certain facts,

then this person may be found to have had actual knowledge of those facts, the same as if he had made such inquiry and had actually learned such facts.

That is to say, the law will charge a person with notice and knowledge of whatever he would have learned, upon making such inquiry as it would have been reasonable to expect him to make under the circumstances.

Knowledge or notice may also be established by circumstantial evidence. If it appears that a certain condition has existed for a substantial period of time, and that the defendant had regular opportunities to observe the condition, then you may draw the inference that he had knowledge of the condition.

## EFFECT OF PRIOR INCONSISTENT STATEMENTS OR CONDUCT – BY A WITNESS NOT A PARTY – BY A PARTY

Evidence that at some other time a witness, not a party to this action, has said or done something which is inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness but may never be considered as evidence of proof of the truth of any such statement.

Where, however, the witness is a party to the case, and by such statement, or other conduct, admits some fact or facts against his interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

In applying this instruction, an act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## EXPERT TESTIMONY

The rule of evidence provides that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of any expert witness is not based upon sufficient education and experience, or if you should conclude that the reason given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

## DEFINITIONS INTRODUCED

I shall now give you the definitions for some important legal terms. Please listen carefully to these definitions so that you will understand the terms when they are used later.

## MEANING OF BURDEN OF PROOF

I shall now explain to you the burden of proof which the law places on the parties to establish their respective claims. When I say that a party has the burden of proof, I mean the evidence must satisfy you that the proposition on which that party has the burden of proof has been established by evidence which outweighs the evidence against it.

You must consider all the evidence regardless of which party produced it.

## BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

The burden is on the plaintiff in a civil action such as this to prove his claim by a preponderance of the evidence. This does not mean that plaintiff must prove his case to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence in the case, and the jury should find for the defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be provided is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have produced them.

## STIPULATION OF FACTS

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

## "IF YOU FIND," OR "IF YOU DECIDE"

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find", or "if you decide", I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

## KNOWLEDGE OF THE LAW PRESUMED; SPECIFIC INTENT NOT REQUIRED

Everyone is required to know what the law is and to act according to the law. If someone engages in an activity which violates the law, that person is responsible for his actions whether he intended to violate the law or not.

In order to find in favor of the Plaintiff in this case, it is not necessary to find that the defendant had the specific intent to violate the Plaintiff's constitutional rights. If the defendant engaged in activities which violated the Plaintiff's constitutional rights, the Plaintiff can recover money damages from the Defendant whether the Defendant intended to violate Plaintiff's rights or not. In other words, the Plaintiff can recover money damages if the Defendant intended the

actions which resulted in a violation of the Plaintiff's constitutional rights.

SPECIFIC INTENT NOT REQUIRED

In order to find in favor of the Plaintiff in this case, it is not necessary to find that the defendant had the specific intent to violate the Plaintiff's constitutional rights. If the Defendant specifically intended to engage in activities which violated the Plaintiff's constitutional rights, Plaintiff can recover money damages from the Defendant whether the Defendant intended to violate Plaintiff's rights or not. In other words, the Plaintiff can recover money damages if the Defendant intended the actions which resulted in a violation of the Plaintiff's constitutional rights.

STATUTE – 42 U.S.C. SEC. 1983

Section 1983 of Title 42 of the United States Code under which this action is brought provides that any inhabitant of this judicial district may seek redress in this Court, by way of damages, against any person or persons who, under color of law, statute, ordinance, regulation, or custom, knowingly subjects such inhabitant to the deprivation of any rights, privileges, or immunities, secured or protected by the Constitution or laws of the United States.

The foregoing statute comprises one of the Civil Rights Acts enacted by the Congress under the Fourteenth Amendment to the Constitution of the United States, which provides:

"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the law."

CONSTITUTIONAL RIGHTS: FOURTH AMENDMENT

I will now instruct you on Mr. Lelieve's Fourth Amendment claim.

The Fourth Amendment to the United States Constitution guarantees the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

CONSTITUTIONAL CLAIMS

Plaintiff claims that Defendant's actions or failure to act amounted to a deprivation of Mr. Lelieve's right to reasonable protection from assault as provided by the Fourth Amendment to the United States Constitution.

ESSENTIAL ELEMENTS OF PLAINTIFF'S CLAIM – FOURTH AMENDMENT

In order to prove his claim concerning violation of the Fourth Amendment, the burden is upon the Plaintiff to establish by a preponderance of the evidence each of the following elements:

1. Plaintiff must first show that he was seized,

2. Plaintiff must show that he suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable, and

3. That the Defendant's act or omission constituted deliberate indifference to Plaintiff's physical well-being.

## "SEIZURE" - DEFINED

An officer seizes a person when he, "by means of physical force or show of authority, has in some way restrained the liberty of a citizen."

## "INJURY" – DEFINED

A plaintiff alleging an excessive force violation must show that he has suffered "at least some injury."

## "OBJECTIVE REASONABLENESS" – DEFINED

It is objectively unreasonable to use deadly force "unless it is necessary to prevent a suspect's escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others."

## VIOLATION OF FOURTH AMENDMENT: DEFINITION/BURDEN OF PROOF

In this case, in order to find that the Defendant is liable for the violation of Mr. Lelieve's constitutional right to be protected from unreasonable conduct by law enforcement officials use of excessive force during arrest procedures.

In order to prove his claim concerning violation of the Fourth Amendment, the burden is upon the Plaintiff to establish by a preponderance of the evidence each of the following elements:

2. Plaintiff must first show that he was seized,

2. Plaintiff must show that he suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable, and

3. That the Defendant's act or omission constituted deliberate indifference to Plaintiff's physical well-being.

## "SEIZURE" - DEFINED

An officer seizes a person when he, "by means of physical force or show of authority, has in some way restrained the liberty of a citizen."

## "INJURY" – DEFINED

A plaintiff alleging an excessive force violation must show that he has suffered "at least some injury."

## "OBJECTIVE REASONABLENESS" – DEFINED

It is objectively unreasonable to use deadly force "unless it is necessary to prevent a suspect's escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others."

## INTERVIEWING NEGLIGENCE OR CONDUCT OF PERSON NOT A PARTY

If you decide that the Defendant has violated Mr. Lelieve's constitutional rights and that such violation was a proximate cause of the injury of Plaintiff, it is not a defense that the conduct of other jail officials or persons who are not parties to this suit also may have been a cause of this occurrence.

However, if you decide that the primary proximate cause of the occurrence was the conduct of others, then you verdict should be for the Defendant.

## DAMAGES: DEFENDANT TAKES THE PLAINTIFF AS HE FINDS HIM

If an injury suffered by Plaintiff is a combined product of both a preexisting state of health and the effects of Defendant's conduct, it is your duty to determine and award damages caused by Defendant's conduct from the condition which was preexisting if it is possible to do so.

However, if after careful consideration, you are unable to separate the damages caused by Defendant's conduct from those which were preexisting, then you should use your best judgment in apportioning these damages.

### MEASURE OF DAMAGES - PERSONAL

Any bodily injury sustained by the Plaintiff and any resulting pain and suffering, disability or mental anguish experienced in the past or to be experienced in the future constitutes personal injury. No evidence of the value of such intangible things as physical pain and suffering has been or need be introduced. In that respect, it is not value you are trying to determine, but an amount of money that will fairly compensate the Plaintiff for the damages suffered. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any such award should be fair and just in light of the evidence.

You should include each of the following elements of damage which you decide has been sustained by the Plaintiff to the present time:

1. physical pain;

2. mental anguish;

3. fright and shock;

4. embarrassment, humiliation or mortification;

5. psychological injury.

If any element of damage is of a continuing nature, you shall decide how long it may continue. If an element of damage is permanent in nature, then you shall decide how long the Plaintiff is likely to live.

Which, if any, of these elements of damage has been proved is for you to decide based upon evidence and not upon speculation, guess or conjecture. The amount of money to be awarded for certain of these elements of damage cannot be proved in a precise dollar amount. The law leaves such amount to your sound judgment. Your verdict must be solely to compensate Plaintiff for his damages.

COMPENSATORY DAMAGES

The Plaintiff alleges that his claimed injuries proximately resulted from defendant's conduct. If you should find that the plaintiff is entitled to prevail in this litigation, you must award him such sum as will compensate him for any pain, suffering, or mental anguish already suffered by him, proximately resulting from the defendant's conduct, and for any pain, suffering, and mental anguish which you find from the evidence in this case he is reasonably certain to suffer in the future from the same cause.

If you find that the plaintiff is entitled to a verdict in his favor in accordance with the instructions, but do not find that plaintiff has sustained any actual damages in the nature of pain, suffering, or mental anguish, then you may return a verdict for the plaintiff in the nominal sum of $1. Such sum will constitute the entire recovery of compensatory damages for the plaintiff, but would not preclude your awarding punitive damages is justified under these instructions.

Damages must be reasonable. If you should find that the Plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence in the case, that he has sustained as a proximate result of the defendant's wrongs. That is, it is the Plaintiff's burden to prove the extent of his damages, to your satisfaction, by a preponderance of the evidence.

You are not entitled to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

You are not to award damages for any injury or condition from which the plaintiff may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately caused by the act in question.

PUNITIVE DAMAGES

You may also decide whether the Plaintiff is entitled to the award of any punitive

damages.  The purpose of an award of punitive damages is to punish a wrongdoer for his misconduct and to deter similar conduct by others.  In order to award punitive damages, you must find one of the following:

1. that the Defendant acted intentionally or purposefully to deprive the Plaintiff of his rights: or

2. that the Defendant acted in reckless disregard of or with callous indifference to the Plaintiff's rights: or

3. that the Defendant carried out lawful activities with unnecessary harshness, or abused his official power, or took unfair advantage of the Plaintiff.

If you find that the Defendant did any one or more of these things, then you should award punitive damages.

If you award punitive damages, you should fix the amount using calm discretion and sound reason.  You must not be influenced by sympathy for or dislike of any party in the case.

JURY DELIBERATIONS

When you go to the jury room, your deliberations should be conducted in a businesslike manner.  You should first select a foreperson.  She or he should see to it that the discussion goes forward in a sensible and orderly fashion and that each juror has the opportunity to discuss the issues fully and fairly.

When eight of the eight of you agree upon a verdict, it will be received as your verdict.  In your deliberations, you should weigh the evidence with due regard and consideration for each other's opinions.  You should listen to each other's arguments with open minds, and make every reasonable effort to reach a verdict.

Before deciding the case, give impartial consideration to the views of your fellow jurors.  This means you should give respectful consideration to one another's vies and talk over differences of opinion in a spirit of fairness and frankness.

It is natural that differences of opinion will arise.  When they do, each of you should not only express your opinion but also the facts and reasons upon which you base it.

In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if you are convinced that it is wrong.

However, none of you should surrender your honest conviction as to the weight and effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.  If you wish to communicate with the Court while you are deliberating, please have your foreperson write a note and deliver it to the bailiff.  It is not proper to talk directly with the judge, attorneys, court officers, or other persons involved in the case, even if the discussion has nothing to do with the case.

During your deliberations, you must not disclose the state of your deliberations to others outside the jury room.  Therefore, unless you reach a verdict, do not disclose this information even in the courtroom.

The exhibits that have been admitted into evidence will be given to you and you may examine them in the jury room.

ELECTION OF FOREPERSON

Upon retiring to the jury room, you will select one of your number to act as your foreperson.  The foreperson will preside over your deliberations, and will be your spokesman here in Court.

SPECIAL VERDICT FORM

A form of special verdict has been prepared for your convenience.  Nothing in this form of verdict is to suggest or convey in any way or manner as to what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

[Forms of special verdict read]

You will take this form to the jury room and, when eight of eight of you have reached agreement as to your verdict, you will have your foreperson fill in, date and sign the special verdict form as so completed.  The foreperson will then prepare a note indicating that you have reached a verdict, but not revealing the verdict, and will date and sign the note, and ring the bell for the bailiff.

COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open Court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a verdict.

## X. SELECTING A JURY PURSUANT TO FLA.R.CIV.P. RULE 1.431

EXAMINATION BY PARTIES.

The parties have the right to examine jurors orally on their voir dire. The order in which the parties may examine each juror shall be determined by the court. The court may ask such questions of the jurors as it deems necessary, but the right of the parties to conduct a reasonable

examination of each juror orally shall be preserved.

CHALLENGE FOR CAUSE.

On motion of any party, the court shall examine any prospective juror on oath to determine whether that person is related, within the third degree, to (i) any party, (ii) the attorney of any party, or (iii) any other person or entity against whom liability or blame is alleged in the pleadings, or is related to any person alleged to have been wronged or injured by the commission of the wrong for the trial of which the juror is called, or has any interest in the action, or has formed or expressed any opinion, or is sensible of any bias or prejudice concerning it, or is an employee or has been an employee of any party or any other person or entity against whom liability or blame is alleged in the pleadings, within 30 days before the trial. A party objecting to the juror may introduce any other competent evidence to support the objection. If it appears that the juror does not stand indifferent to the action or any of the foregoing grounds of objection exists or that the juror is otherwise incompetent, another shall be called in that juror's place.

(1) The fact that any person selected for jury duty from bystanders or the body of the county and not from a jury list lawfully selected has served as a juror in the court in which that person is called at any other time within 1 year is a ground of challenge for cause.

(2) When the nature of any civil action requires a knowledge of reading, writing, and arithmetic, or any of them, to enable a juror to understand the evidence to be offered, the fact that any prospective juror does not possess the qualifications is a ground of challenge for cause.

PEREMPTORY CHALLENGES.

Each party is entitled to 3 peremptory challenges of jurors, but when the number of parties on opposite sides is unequal, the opposing parties are entitled to the same aggregate number of peremptory challenges to be determined on the basis of 3 peremptory challenges to each party on the side with the greater number of parties. The additional peremptory challenges accruing to multiple parties on the opposing side shall be divided equally among them. Any additional peremptory challenges not capable of equal division shall be exercised separately or jointly as determined by the court.

(a) Exercise of Challenges. All challenges shall be addressed to the court outside the hearing of the jury in a manner selected by the court so that the jury panel is not aware of the nature of the challenge, the party making the challenge, or the basis of the court's ruling on the challenge, if for cause.

SWEARING OF JURORS.

No one shall be sworn as a juror until the jury has been accepted by the parties or until all challenges have been exhausted.

ALTERNATE JURORS.

The court may direct that 1 or 2 jurors be impaneled to sit as alternate jurors in addition to the regular panel. Alternate jurors in the order in which they are called shall replace jurors who have become unable or disqualified to perform their duties before the jury retires to consider its verdict. Alternate jurors shall be drawn in the same manner, have the same qualifications, be

subject to the same examination, take the same oath, and have the same functions, powers, facilities, and privileges as principal jurors.  An alternate juror who does not replace a principal juror shall be discharged when the jury retires to consider the verdict.

(a) If alternate jurors are called, each party shall be entitled to one peremptory challenge in the selection of the alternate juror or jurors, but when the number of parties on opposite sides is unequal, the opposing parties shall be entitled to the same aggregate number of peremptory challenges to be determined on the basis of 1 peremptory challenge to each party on the side with the greater number of parties. The additional peremptory challenges allowed pursuant to this subdivision may be used only against the alternate jurors. The peremptory challenges allowed pursuant to subdivision (d) of this rule shall not be used against the alternate jurors.

(b) Interview of a Juror. A party who believes that grounds for legal challenge to a verdict exist may move for an order permitting an interview of a juror or jurors to determine whether the verdict is subject to the challenge. The motion shall be served within 10 days after rendition of the verdict unless good cause is shown for the failure to make the motion within that time. The motion shall state the name and address of each juror to be interviewed and the grounds for challenge that the party believes may exist.  After notice and hearing, the trial judge shall enter an order denying the motion or permitting the interview.  If the interview is permitted, the court may prescribe the place, manner, conditions, and scope of the interview.

EVIDENCE PURSUANT TO FLA.R.CIV.P. RULE 1.450

(a) Record of Excluded Evidence. In an action tried by a jury if an objection to a question propounded to a witness is sustained by the court, the examining attorney may make a specific offer of what the attorney expects to prove by the answer of the witness.  The court may require the offer to be made out of the hearing of the jury. The court may add such other or further statement as clearly shows the character of the evidence, the form in which it was offered, the objection made, and the ruling thereon. In actions tried without a jury the same procedure may be followed except that the court upon request shall take and report the evidence in full unless it clearly appears that the evidence is not admissible on any ground or that the witness is privileged.

(b) Filing.  When documentary evidence is introduced in an action, the clerk or the judge shall endorse an identifying number or symbol on it and when proffered or admitted in evidence, it shall be filed by the clerk or judge and considered in the custody of the court and not withdrawn except with written leave of court.

QUESTIONS BY JURORS PURSUANT TO FLA.R.CIV.P. RULE 1.452

(a) Questions Permitted.   The court shall permit jurors to submit to the court written questions directed to witnesses or to the court.  Such questions will be submitted after all counsel have concluded their questioning of a witness.

(b) Procedure.   Any juror who has a question directed to the witness or the court shall prepare an unsigned, written question and give the question to the bailiff, who will give the

question to the judge.

(c) Objections.   Out of the presence of the jury, the judge will read the question to all counsel, allow counsel to see the written question, and give counsel an opportunity to object to the question.

## EXCEPTIONS UNNECESSARY; JURY INSTRUCTIONS PURSUANT TO FLA.R.CIV.P. RULE 1.470

Not later than at the close of the evidence, the parties shall file written requests that the court instruct the jury on the law set forth in such requests. The court shall then require counsel to appear before it to settle the instructions to be given. At such conference, all objections shall be made and ruled upon and the court shall inform counsel of such instructions as it will give. No party may assign as error the giving of any instruction unless that party objects thereto at such time, or the failure to give any instruction unless that party requested the same. The court shall orally instruct the jury before or after the arguments of counsel and may provide appropriate instructions during the trial.  If the instructions are given prior to final argument, the presiding judge shall give the jury final procedural instructions after final arguments are concluded and prior to deliberations.  The court shall provide each juror with a written set of the instructions for his or her use in deliberations. The court shall file a copy of such instructions.

## PROSPECTIVE JUROR QUESTIONNAIRE PURSUANT TO FLA.R.CIV.P. FORM 1.983

QUESTIONNAIRE FOR PROSPECTIVE JURORS

1. Name (print) ...........................................................

2. Residence address .....................................................
   .........................................................................

3. Date of birth ...........................................................
   Sex .......... Occupation ...............................................
4. Do you understand the English language?
   ........................ .............
   (yes)                  (no)
5. Do you read and write the English language?
   ........................ .............
   (yes)                  (no)
6. Have you ever been convicted of a crime and not restored to your civil
   rights?
   ........................ .............
   (yes)                  (no)
   If "yes," state nature of crime, date of conviction, and name of court in
   which convicted: .....................................................
   .........................................................................
7. Are there any criminal charges pending against you of which you are aware?
   ........................ .............

(yes)                (no)

If "yes," state nature of charge and name of court in which the case is
pending:

........................ ........................

8.  Are you a bonded deputy sheriff?

........................ .............

(yes)                (no)

9.  List any official executive office you now hold with the federal, state,
or county government:

.........................................................................

10.  Is your hearing good?     ........................ ........................
                               (yes)              (no)

Is your eyesight good?     ........................ ........................
                           (yes)              (no)

(The court may require a medical certificate.)

11.  Do you have any other physical or mental disability that would interfere
with your service as a juror?

........................ .............

(yes)                (no)

If "yes," state nature: .................................................

(The court may require a medical certificate.)

12.  Do you know of any reason why you cannot serve as a juror?

........................ .............

(yes)                (no)

If "yes," state reason: .................................................

13.  MOTHERS AND EXPECTANT MOTHERS ONLY: Florida law provides that expectant
mothers and mothers with children under 18 years of age residing with them shall be exempt
from jury duty upon their request. Do you want to be exempt under this provision?

........................ .............

(yes)                (no)

If "yes," what are the ages of your children?

........................

<u>JUROR VOIR DIRE QUESTIONNAIRE PURSUANT TO FLA.R.CIV.P. FORM 1.984</u>

INSTRUCTIONS TO JURORS

You have been selected as a prospective juror. It will aid the court and help shorten the
trial of cases if you will answer the questions on this form and return it in the enclosed self-
addressed stamped envelope within the next 2 days. Please complete the form in blue or black
ink and write as dark and legibly as you can.

1. Name (print) ____          (first) (middle) (last)

2. Residence address ____

3. Years of residence:  In Florida ____          In this county ____

4. Former residence ____

5. Marital status: (married, single, divorced, widow, or widower)____

6. Your occupation and employer____

7. If you are not now employed, give your last occupation and employer____

8. If married, name and occupation of husband or wife____

9. Have you served as a juror before?____

10. Have you or any member of your immediate family been a party to any lawsuit?_____If so, when and in what court?____

11. Are you either a close friend of or related to any law enforcement officer?____

12. Has a claim for personal injuries ever been made against you or any member of your family?____

13. Have you or any member of your family ever made any claim for personal injuries?____

VERDICTS PURSUANT TO FLA.R.CIV.P. FORM 1.986

(a) For Plaintiff: Damages.

VERDICT

     WE, the jury, find for plaintiff and assess his/her damages at $ ..........

     DATED on ................
____as Foreperson

(b) For Defendant: General Form.

VERDICT

     WE, the jury, find for defendant.

     DATED on ................
____as Foreperson

FINAL JUDGMENT FOR PLAINTIFF PURSUANT TO FLA.R.CIV.P. FORM 1.990

FINAL JUDGMENT

Pursuant to the verdict rendered in this action

IT IS ADJUDGED that plaintiff, ..... (name and address) ....., recover from defendant, ..... (name and address, and social security number if known) ....., the sum of $ .......... with costs in the sum of $ .........., making a total of $ .........., that shall bear interest at the rate of ..... % a year, for which let execution issue.

ORDERED at ...................., Florida, on ..... (date) ......

Judge

## INSTRUCTIONS ON CRIMES TO JURY PURSUANT TO FLORIDA STATUTE

784.011. ASSAULT

(1) An "assault" is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.

(2) Whoever commits an assault shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

784.03. BATTERY; FELONY BATTERY

(1)(a) The offense of battery occurs when a person:

1. Actually and intentionally touches or strikes another person against the will of the other; or

2. Intentionally causes bodily harm to another person.

(b) Except as provided in subsection (2), a person who commits battery commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

(2) A person who has one prior conviction for battery, aggravated battery, or felony battery and who commits any second or subsequent battery commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. For purposes of this subsection, "conviction" means a determination of guilt that is the result of a plea or a trial, regardless of whether adjudication is withheld or a plea of nolo contendere is entered.

776.05. LAW ENFORCEMENT OFFICERS; USE OF FORCE IN MAKING AN ARREST

A law enforcement officer, or any person whom the officer has summoned or directed to assist him or her, need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. The officer is justified in the use of any force:

(1) Which he or she reasonably believes to be necessary to defend himself or herself or another from bodily harm while making the arrest;

(2) When necessarily committed in retaking felons who have escaped; or

(3) When necessarily committed in arresting felons fleeing from justice. However, this subsection shall not constitute a defense in any civil action for damages brought for the wrongful use of deadly force unless the use of deadly force was necessary to prevent the arrest from being defeated by such flight and, when feasible, some warning had been given, and:

(a) The officer reasonably believes that the fleeing felon poses a threat of death or serious physical harm to the officer or others; or

(b) The officer reasonably believes that the fleeing felon has committed a crime involving the infliction or threatened infliction of serious physical harm to another person.

837.02. PERJURY IN OFFICIAL PROCEEDINGS

(1) Except as provided in subsection (2), whoever makes a false statement, which he or she does not believe to be true, under oath in an official proceeding in regard to any material matter, commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(2) Whoever makes a false statement, which he or she does not believe to be true, under oath in an official proceeding that relates to the prosecution of a capital felony, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(3) Knowledge of the materiality of the statement is not an element of the crime of perjury under subsection (1) or subsection (2), and the defendant's mistaken belief that the statement was not material is not a defense.

839.13. FALSIFYING RECORDS

(1) Except as provided in subsection (2), if any judge, justice, mayor, alderman, clerk, sheriff, coroner, or other public officer, or employee or agent of or contractor with a public agency, or any person whatsoever, shall steal, embezzle, alter, corruptly withdraw, falsify or avoid any record, process, charter, gift, grant, conveyance, or contract, or any paper filed in any judicial proceeding in any court of this state, or shall knowingly and willfully take off, discharge or conceal any issue, forfeited recognizance, or other forfeiture, or other paper above mentioned, or shall forge, deface, or falsify any document or instrument recorded, or filed in any court, or any registry, acknowledgment, or certificate, or shall fraudulently alter, deface, or falsify any

minutes, documents, books, or any proceedings whatever of or belonging to any public office within this state;  or if any person shall cause or procure any of the offenses aforesaid to be committed, or be in anywise concerned therein, the person so offending shall be guilty of a misdemeanor of the first degree, punishable as provided in  s. 775.082 or  s. 775.083.

(3) In any prosecution under this section, it shall not be necessary to prove the ownership or value of any paper or instrument involved.

I, Gerald Lelieve, the Plaintiff, certify that I have not met with Defendant John F. Timony et. al., to discuss any settlement and that a good faith settlement attempt has not been made.

STIPULATED AND AGREED TO BY:    Plaintiff, Gerald Lelieve #L11928
Hamilton Correctional Inst. - Annex
11419 S.W. County Road #249
Jasper, Florida 32052-3735

## CERTIFICATE OF SERVICE

I certify that I placed a copy of this Joint Pretrial Stipulation and Proposed Jury Instruction in the hands of Hamilton Correctional Institution Annex officials for mailing to:

City Attorney Christopher A. Green, Assistant
City Attorney,
Miami Riverside Center
444 S.W. 2nd Avenue, Suite 945,
Miami, Florida 33130-1910

United States District Court
Southern District of Florida
Office of The Clerk-Room BN09
400 N. Miami Ave.
Miami, FL 33128-7716

On this 28th day of June 2011.

Gerald Lelieve #L11928
Hamilton Correctional Inst. - Annex
11419 S.W. County Road #249
Jasper, Florida 32052-3735

## UNNOTARIZED OATH

Under penalties of perjury I declare that I have read the foregoing Joint Pretrial Stipulation and Proposed Jury Instruction and the facts stated in it are true.

Gerald Lelieve ##L11928

24