UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:  10-23677-Civ-ALTONAGA/WHITE

GERALD LELIEVE,

    Plaintiff,

vs.

CITY OF MIAMI POLICE,
CHIEF JOHN F. TIMONEY, et al.,

    Defendants.
_____/

## PLAINTIFF, GERALD LELIEVE'S MOTION TO CONTINUE TRIAL DATE AND MOTION FOR ENLARGEMENT OF TIME OF PRE-TRIAL DEADLINES

Plaintiff, GERALD LELIEVE, pursuant to S.D. Fla. L.R.7.6 and Rule 7 of the Florida Rules of Civil Procedure, moves to continue the trial date and for an enlargement of time of all pre-trial deadlines ordered by this Court, and as grounds therefore, states:

### I.  BACKGROUND

On or about July 16, 2010, Plaintiff filed a complaint in the Circuit Court, in and for Miami-Dade County, Florida for intentional tort and 42 U.S.C § 1983.  [DE 1-1].  Defendants removed the case to this Court on or about October 12, 2010.  [DE 1].  Upon careful review of four other cases that Plaintiff previously filed – three Federal and one State -- this Court recognized Plaintiff never had the opportunity have his action adjudicated on the merits, and denied Defendants' claim for *res judicata.* [DE 7].  On October 28, 2010, the Court entered an Order Scheduling Pretrial Proceedings When Plaintiff is Proceeding Pro Se.  [DE 8].  All pre-trial deadlines in that Order have passed.  On June 1, 2011, the Court entered an Order setting calendar call for August 9, 2011, and scheduling trial for the two week period beginning August

1

15, 2011. [DE 30]. On August 8, 2011, the undersigned filed a Notice of Appearance as counsel for Plaintiff. [DE 36].

## II.     LEGAL STANDARD

### A. Continuance of Trial

Upon written notice served and supported by affidavit showing "good cause," a Court may grant a continuance on "exceptional circumstances." S.D. Fla. L.R. 7.6. The decision whether to grant a continuance is within the sound discretion of the trial court. *See Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472, 1479 (11th Cir.1991); *Dempsey v. Mac Towing, Inc.*, 876 F.2d 1538, 1541 (11th Cir.1989). However, the Court's discretion is not limited; a Court may not deny a continuance when the need for one is warranted. The Eleventh Circuit has adopted four factors for a Court to consider when exercising its discretion to continue trial:

> (1) the diligence of the party requesting the continuance to ready the case prior to the date set for hearing; (2) the likeliness that the need for continuance could have been met if a continuance was granted; (3) the extent to which granting the continuance would have been an inconvenience to the court and the opposing party, including its witnesses; and (4) the extent to which appellant might have suffered harm as a result of the denial.

*Hashwani v. Barbar*, 822 F.2d 1038, 1040 (11th Cir.1987).

### B. Enlargement of Time

Rule 6(b) allows a party to obtain an enlargement of time even after missing a deadline. Pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, if the time has expired for a party to act, a court may, for good cause, extend the time because of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). **Even when a party fails to explain the delay**, a district court may nevertheless find excusable neglect. *Fisher v. Office of State Attorney 13th Judicial Circuit Florida*, 162 F. App'x. 937, 940 (11th Cir. 2006).

Although the "excusable neglect" standard is a strict one, a "showing of . . . **unique circumstances** may render it unfair to dismiss  . . . because of late filing. . . ." *Chipser v. Kohlmeyer & Co*., 600 F.2d 1061, 1063 (5th Cir. 1979)(e.s.).[1]  Courts have indicated that the "matter rests largely in the discretion of the district court.  If it finds excusable neglect and grants an extension, the Court of Appeals should not second-guess this determination. . . ." *Davis v. Page*, 618 F.2d 374, 378 (5th Cir. 1980) on reh'g, 640 F.2d 599 (5th Cir. 1981) (quoting 16 Wright, Miller, Cooper and Gresman, Federal Practice and Procedure s 3950, at 367 (1977)).

### III.   MEMORANDUM OF LAW

**A.   Diligence**

It has only been with diligence that Plaintiff finally has the opportunity to have his claims adjudicated by the merits.  As this Court recognized "[f]or nearly two and a half years, Plaintiff persistently attempted to navigate the rule-bound terrain of the judicial process to pursue claims of physical abuse against the City of Miami Police Department stemming from his arrest in October 2006."  [DE 7, 1].  Plaintiff filed four cases – three Federal and one State – which were all previously dismissed.  Plaintiff should not now be barred from continuing trial when he has just retained counsel to assist him.  [Aff. G. Lelieve 08/08/11, ¶ 12].  Plaintiff repeatedly indicated to this Court that Plaintiff was having a "difficult time trying to obtain due [sic] to a lack address and assistance [sic]" [DE 14], "is unable to learn of the identities of the John Doe defendants," and "that an attorney would have helped him obtain this evidence."  [DE 27, 2].  Plaintiff has been diligent in attempting to meet all deadlines, and has never sought a continuance.  [Aff. G. Lelieve 08/08/11, ¶ 3, 4].

---

[1] "[T]he decisions of the United States Court of Appeals for the Fifth Circuit (the "former Fifth" or the "old Fifth"), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit." *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

### B. Usefulness of Continuance

The continuance will be useful because it will allow Plaintiff's counsel to familiarize themselves with the case, and to locate additional witnesses. To date, the undersigned has been unable to locate the whereabouts of Plaintiff's physician, Joseph Reinhardt, M.D., who is no longer at Jackson Memorial Hospital. [Aff. G. Lelieve 08/08/11, ¶ 8, 10]. Plaintiff has also been unable to confirm the availability of his surgeon, Mauricio Lynn, M.D., for trial during the two week trial calendar beginning August 15, 2011. [Aff. G. Lelieve 08/08/11, ¶ 9, 10]. In addition, to the extent the Court grants Plaintiff's motion for enlargement of time for all pretrial deadlines, then Plaintiff will be afforded an opportunity to perform additional discovery to allow Plaintiff to locate the appropriate defendants, obtain additional missing documents, file pre-trial motions, including one to amended the complaint and add parties.[2] [Aff. G. Lelieve 08/08/11, ¶ 5-11, 14].

### C. Inconvenience

Plaintiff consents to the continuance [Aff. G. Lelieve 08/08/11, ¶ 13], and a continuance will not prejudice or inconvenience Defendant. No other continuances have been requested, and a short delay at this point is rather insignificant.

### D. Potential Harm to Plaintiff

A Court's denial of a continuance causes prejudice where (1) **a party needs time to obtain new counsel, and is required to proceed with unfamiliar counsel** or none at all, or (2) a pro se prisoner is forced to go to trial without an opportunity to serve all the relevant

---

[2] Plaintiff should be allowed to amend his complaint and add parties. In *Wayne v. Jarvis*, 197 F.3d 1098 (11th Cir. 1999), cited in the Report of Magistrate Judge [DE 23, 14], the plaintiff was barred from adding parties solely because he delayed to file suit until right before the statute of limitations ran, and that delay was solely attributable to the plaintiff. *Id.* at 1104. To the contrary, here, Plaintiff has persistently attempted to pursue suit against several different parties on four occasions, which were erroneously dismissed four times. It is only now that Plaintiff has finally had an opportunity to proceed on the merits. Therefore, under the *unique* circumstances of this case, justice would not be served unless the Court tolled the statute of limitations. The Court should allow Plaintiff to file a more detailed motion to add parties for consideration.

defendants. *Gastaldi v. Sunvest Resort Communities, LC*, 709 F. Supp. 2d 1284, 1296 (S.D. Fla. 2010) (citing *Fowler v. Jones*, 899 F.2d 1088, 1093-96 (11th Cir.1990); *Anderson v. Sheppard*, 856 F.2d 741, 748-49 (6th Cir.1988); *Gaspar v. Kassm*, 493 F.2d 964, 969 (3d Cir.1974); *Smith-Weik Mach. Corp.*, 423 F.2d at 844-45; Wright & Miller, supra, § 2352, at 400-01 & nn. 12-13).

If the Court denies a continuance to Plaintiff, it will result in substantial harm. [Aff. G. Lelieve 08/08/11, ¶ 14]. Plaintiff has just retained counsel and needs additional time to, *inter alia*, allow counsel to familiarize themselves with the case, bring any necessary motions, complete additional discovery, modify the pleadings, add parties, and locate additional potential witnesses for trial. [Aff. G. Lelieve 08/08/11, ¶ 4-12 ].

**E.      Excusable Neglect**

The Court should find excusable neglect under the very unique circumstances of this case. If Plaintiff had the opportunity to proceed in any of his four formerly filed cases, Plaintiff may have retained counsel who could have assisted him with the case. The delay is not the fault of Plaintiff. [Aff. G. Lelieve 08/08/11, ¶ 2-4]. Now that Plaintiff has retained counsel [Aff. G. Lelieve 08/08/11, ¶ 12], the Court should exercise its discretion in favor of Plaintiff under the unique circumstances of this case and find "excusable neglect." To hold otherwise, would essentially deprive Plaintiff of a fair trial, which is contrary to the intent of allowing this case to finally proceed to an adjudication on the merits.

## IV.      CONCLUSION

In sum, this Court has recognized the long terrain of this case and the persistence required by Plaintiff to finally have his case adjudicated on the merits. Plaintiff has just retained counsel to assist him with pleadings, discovery and trial. To deny a continuance of trial and of the pretrial deadlines would essentially deprive Plaintiff of a fair trial. The delay was not caused by Plaintiff, but by the erroneous dismissal of his previous cases. Under the unique circumstances

of this case, the "ends of justice served by continuing the trial date outweigh the best interest of the public and the defendant . . . ." *United States v. De Los Santos*, 1:05-CR-372-09-WSD, 2007 WL 2904125 (N.D. Ga. Sept. 28, 2007). Such circumstances also warrant a finding of "excusable neglect" to continue all pretrial deadlines.

## V.  NOTICE OF CLAIM FOR ATTORNEYS' FEES

Plaintiff has retained the undersigned counsel, and agreed to pay any attorneys' fees. [Aff. G. Lelieve 08/08/11, ¶ 12]. Plaintiff is entitled to seek recovery of attorneys' fees as permitted at law or equity, including pursuant to Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988.

WHEREFORE, Plaintiff requests this Court to enter an order continuing the trial date, and enlarging all pre-trial deadlines ordered by the Court, and such other relief as the Court deems just and proper.

    Respectfully submitted,

    ZELMER LAW
    150 North Federal Highway
    Suite 230
    Fort Lauderdale, Florida 33301
    Tel: (954) 400-5055
    Email:  dzelmer@zelmerlaw.com
    *Counsel for Plaintiff, Gerald Lelieve*
    *Volunteer Lawyers' Project of the*
    *Southern District of Florida*

    /s/ Diane J. Zelmer_____
    Diane J. Zelmer, P.A.
    Florida Bar No. 27251

AND

WILLIAM EARL PLOSS, ESQ.
P.O. Box 348340
Coral Gables, FL 33234-8340
Tel: (786) 208-4137
Fax: (305) 443-4931
Email:  wepwep1@gmail.com
*Co-Counsel for Plaintiff, Gerald Lelieve*
*Volunteer Lawyers' Project of the*
*Southern District of Florida*


/s/ William Earl Ploss_____
      William Earl Ploss, Esq.
      Florida Bar No. 261671

## **CERTIFICATE OF GOOD FAITH CONFERENCE;**
## **REASONABLE EFFORTS TO CONFER**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has made reasonable efforts to confer with Defendants' counsel, Christopher A. Green, who represents all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues, but has been unable to do so. The reasonable efforts made were specifically as follows: On August 8, 2011, Diane J. Zelmer called Christopher A. Green and left a message requesting to confer, indicating that Plaintiff intended to file this motion.

/s/ Diane J. Zelmer_____
Diane J. Zelmer
Fla. Bar. No. 27251

## **CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

**I HEREBY CERTIFY** that on August 8, 2011, I filed a true and correct copy of the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other manner authorized for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filings.

## **SERVICE LIST**

I hereby certify that a true and correct copy of the attached has been furnished this 8th day of August, 2011 as follows:

***[VIA CM/ECF]***
Christopher A. Green
Florida Bar No. 957917
Assistant City Attorney
City of Miami City Attorney's Office
444 S.W. 2nd Avenue, Suite 945
Miami, FL  33130
Tel:  (305) 416-1800
Fax: (305) 416-1801
Email:  CAGreen@miamigov.com
***Attorneys for Defendants, City of Miami***
***Police, Chief John F. Timoney, et. al.***


/s/ Diane J. Zelmer_____
Counsel

/s/ William Earl Ploss_____
Co-Counsel