UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-23677-CIV-ALTONAGA/SIMONTON

**GERALD LELIEVE**,

    Plaintiff,

v.

**MANUEL OROSA**, in his official
capacity as Chief of the City of Miami
Police Department (City of Miami); and
**ODNEY BELFORT**, an individual,

    Defendants.
_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

    I will now explain to you the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

    In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

    The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of that governmental agency.

    In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that control.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe the testimony of that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true. In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence you should find for the Defendant as to that claim.

In your deliberations, you will consider and decide legal claims against two distinct and separate defendants:

1. Some of the claims in this case are against Defendant ODNEY BELFORT.

2. Other claims in this case are against THE CITY OF MIAMI, a governmental entity. As explained to you at the start of this trial, although the pleadings in this case may refer to this Defendant as "MANUEL OROSA, in his official capacity as Chief of the City of Miami Police Department," you must be aware that Chief Manuel Orosa is not actually being sued personally in this case and cannot be held personally liable. Rather the phrase "MANUEL OROSA, in his official capacity as Chief of the City of Miami Police Department," is simply an accepted legal way of identifying the THE CITY OF MIAMI, which is potentially liable in this case, if indeed you find certain facts. The criteria you must find in order to hold the CITY OF MIAMI responsible for these certain alleged are explained in detail later in these instructions.

Although the claims against both of these Defendants are being tried together, each Defendant is separate from the other, and each party is entitled to have you separately consider each claim as it affects that party. Therefore, in your deliberations, you should consider the evidence as it relates to each Defendant separately, as you would had each Defendant been brought to trial before you separately.

In this case the Plaintiff claims that the Defendant ODNEY BELFORT, while acting "under color" of state law, intentionally deprived the Plaintiff of the Plaintiff's rights under the Constitution of the United States. Specifically, the Plaintiff claims that while the Defendant was acting under color of state law through the City of Miami Police Department he intentionally violated the Plaintiff's constitutional right to be free from the use of excessive or unreasonable force during an arrest or while being detained or in custody.

Under the Fourth Amendment to the Constitution of the United States, every person has the right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer, even though the arrest is otherwise made in accordance with the law. Under the due process clause of the Fourteenth Amendment, anyone who is arrested and detained under state law must not to be subjected to excessive or unreasonable force while being detained.

The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States. In this case the Plaintiff claims that Defendant BELFORT, while acting "under color" of state law, intentionally violated the Plaintiff's rights under the Constitution of the United States.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

> First: That the Defendant intentionally committed acts that violated the Plaintiff's federal constitutional right not to be subjected to excessive or unreasonable force;

3

      <u>Second:</u> That in so doing the Defendant acted "under color" of state law; and

      <u>Third:</u>  That the Defendant's acts were the proximate or legal cause of damages sustained by the Plaintiff.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

In this case the parties have stipulated or agreed that Defendant BELFORT acted "under color" of state law and you should, therefore, accept that fact as proven.

Plaintiff's claim is that excessive force was used by the Defendant. In that regard, as previously mentioned, every person has the constitutional right not to be subjected to excessive or unreasonable force while being arrested by or while in the custody of a law enforcement officer, even though such arrest and detainment is otherwise made in accordance with the law. On the other hand, in making a lawful arrest, an officer has the right to use such force as is reasonably necessary under the circumstances to complete the arrest. Whether a specific use of force is excessive or unreasonable turns on factors such as the severity of the crime, whether the suspect poses an immediate violent threat to others, and whether the suspect is resisting or fleeing. You must decide whether the force used in making an arrest was excessive or unreasonable on the basis of that degree of force that a reasonable and prudent law enforcement officer would have applied in making the arrest under the same circumstances disclosed in this case.

Additionally, once a person is in police custody, that detainee has the right not to be subjected to the use of excessive force against him or her. On the other hand, not every push or shove, even if it later seems unnecessary, will give rise to a constitutional violation; and an officer always has the right, and the duty, to use such reasonable force as is necessary under the circumstances to maintain order and assure compliance with jail regulations. Whether or not any force used in this instance was excessive is an issue for you to decide on the basis of that degree of force, if any, that a reasonable and prudent officer would have applied in the same circumstances disclosed in this case.

You should also consider whether such force, if any, was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. In making that decision you should consider the amount of force used in relationship to the need presented; the motive of the officer; the extent of the injury inflicted; and any effort made to temper the severity of the force used. Of course, when officials holding an individual in custody maliciously and sadistically use force to cause harm, the result would be unconstitutional regardless of the significance of the injury to the detainee.

If you should find for the Plaintiff and against the Defendant, you must then decide the issue of the Plaintiff's damages. For damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for that constitutional deprivation, such damages would not have occurred.

4

In considering the issue of the Plaintiff's damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they also cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as physical or emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

Damages include any bodily injury sustained by the Plaintiff and any resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, experienced in the past or to be experienced in the future.

You should also consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a) Physical pain and suffering.

(b) Emotional injury, if accompanied by more than minimal physical injury;

(c) Nominal damages (as explained in these instructions); and

(d) Punitive damages, if any (as explained in the Court's instructions)

You are authorized to award $1 in nominal damages if you find for the Plaintiff but also find that Plaintiff's damages are monetarily insignificant.

The Plaintiff also claims that the acts of Defendant BELFORT was done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages. If you find for the Plaintiff, and if you further find that the Defendant did act with malice or reckless indifference to the Plaintiff's federally protected rights, you would be authorized to assess punitive damages against the Defendant as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one defendant in different amounts.

The rules of law that apply to Plaintiff's claims against Defendant ODNEY BELFORT, which I have previously explained, are different from the rules of law that apply to Plaintiff's claims against Defendant CITY OF MIAMI, a governmental entity.

Ordinarily, a corporation is legally responsible for the acts of its employees carried out in the regular course of their job duties as employees. This is known in the law as the doctrine of "respondeat superior" which means "let the superior respond" for any losses or injuries wrongfully caused by its employees in the performance of their jobs. This doctrine does not apply, however, in a case such as this where the Plaintiff makes claims against a governmental entity for a violation of constitutional rights.

In this case, the governmental or municipal defendant, The CITY OF MIAMI, can be held liable only if you find that the deprivation of the Plaintiff's constitutional rights was the result of the execution of a "policy" or "practice" or "custom" by the City or through one of its departments or agencies, such as the Miami Police Department. To elaborate, in a case like this the governmental entity is only responsible when the injury is inflicted through the execution of a policy, practice or custom of the governmental entity and/or one or more of their departments or agencies, whether made by its policymakers or by those whose directives or acts may be fairly said to represent an official or adopted policy, practice or custom. It is not enough merely to show that a city employee (such as Defendant Belfort in this case) caused the Plaintiff's injury.

A "policy" often refers to formal rules or less formal but established understandings – sometimes but not necessarily committed to writing- that are intended to, and do, establish fixed or expected plans of action to be followed under similar circumstances consistently and over time. For the purposes of this case, the description of "policy" is consistent with the word's ordinary definition. For example, Webster's defines the word as "a specific decision or set of decisions designed to carry out such a chosen course of action."

A municipality such as the City of Miami may be held liable for constitutional deprivations visited pursuant to a "custom" of the City or one of its departments or agencies even though such a custom has not received formal approval through the municipality's official decision-making channels.

A municipality may not be held liable for a policy, practice or custom unless that policy, practice or custom demonstrates a deliberate indifference to a substantial risk of serious harm, and there is a direct causal link between the policy, practice or custom and the injury suffered by Plaintiff. In considering this issue, "deliberate indifference" exists if the official policy, practice or custom disregards knowledge of a strong likelihood rather than a mere possibility that a serious risk of harm will occur.

The Plaintiff also claims that the acts of the Defendant BELFORT were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

However, you may not assess punitive damages against Defendant City of Miami, as the law applicable to this case does not allow for punitive damages to be awarded against a

6

governmental entity.

If you find for the Plaintiff as to his constitutional claims of excessive or unreasonable force against Defendant BELFORT, and if you further find that the Defendant BELFORT did act with malice or reckless indifference to the Plaintiff's federally protected rights, the law would allow you, in your discretion, to assess punitive damages against Defendant BELFORT as punishment and as a deterrent to others.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish the Defendant for the specific conduct that harmed the Plaintiff in the case and for only that conduct.  For example, you cannot assess punitive damages for the Defendant being a distasteful individual or business. Punitive damages are meant to punish the Defendant for this conduct only and not for conduct that occurred at another time.  Your only task is to punish the Defendant for the actions he took in this particular case.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

If a preponderance of the evidence shows that the Plaintiff has been permanently injured, you may consider the Plaintiff's life expectancy.  The mortality tables received in evidence may be considered in determining how long the claimant may be expected to live.  Bear in mind, however, that life expectancy as shown by mortality tables is merely an estimate of the average remaining life of all persons in the United States of a given age and sex having average health and ordinary exposure to danger of persons in that group.  So, such tables are not binding on you but may be considered together with the other evidence in the case bearing on the Plaintiff's own health, age, occupation and physical condition, before and after the injury, in determining the probable length of the Plaintiff's life.

If you find for the Plaintiff you must not take into account any consideration of attorney's fees or court costs in deciding the amount of Plaintiff's damages.  The matter of attorney's fees and court costs will be decided later by the Court.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.